## UNITED STATES

v.

**Aaron A. OESTMANN, Aviation Support Equipment Technician Airman (E–3), U.S. Navy.**

**NMCCA 200301443.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 10 Dec. 2001.

Decided 29 April 2004.

Opinion Supplementing Decision on Grant of Reconsideration 30 June 2004.

---

CDR Michael Wentworth, JAGC, USNR, Appellate Defense Counsel.

CDR George F. Reilly, JAGC, USN, Appellate Defense Counsel.

Maj Raymond E. Beal II, USMC, Appellate Government Counsel.

Before DORMAN, Chief Judge, VILLEMEZ and HARRIS, Appellate Military Judges.

HARRIS, Judge:

A military judge, sitting alone as a general court-martial, convicted the appellant, pursu-

ant to his pleas, of: conspiracy to wrongfully possess hashish with the intent to distribute; without authority, failing to go to his appointed place of duty to provide a urine sample; violating a lawful general order by wrongfully possessing illegal drug paraphernalia (hashish pipe); wrongfully possessing 27 grams of hashish with the intent to distribute; on divers occasions, wrongfully using hashish; and, wrongfully possessing 6 grams of marijuana. The appellant's crimes violated Articles 81, 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, 892, and 912a. The appellant was sentenced to confinement for 12 months, reduction to pay grade E–1, total forfeiture of pay and allowances, and a bad-conduct discharge. The convening authority approved the adjudged sentence and, except for the bad-conduct discharge, ordered the punishment executed.

After carefully considering the record of trial, the appellant's two assignments of error, and the Government's response, we conclude that the providence inquiry was not sufficient as it pertains to the appellant's intent to distribute hashish. We shall take corrective action in our decretal paragraph, and reassess the sentence. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Background

The appellant was assigned to the United States Naval Support Activity, Naples, Italy. On 20 December 2000, the appellant and Torpedoman Third Class (TM3) John F. Buerman, U.S. Navy, were riding in the appellant's recently-rented car, when they agreed to drive to downtown Naples, Italy, to purchase some hashish, which they intended to use together. The appellant and TM3 Buerman then drove downtown to a place where the appellant knew he could find some hashish. After parking his car, the appellant and TM3 Buerman together looked for an individual to sell them some hashish. Once the appellant and TM3 Buerman met someone who would sell them the hashish, the appellant used his own money to purchase 27 grams of hashish in the form of 20 hash sticks. At the time of the purchase, the appellant purchased more hashish then he intended to use that day with TM3 Buer-

man—enough "so it would last [him] a good little while." Record at 32.

## Unreasonable Multiplication of Charges

In the appellant's first assignment of error, he asserts that his separate convictions for conspiracy to wrongfully possess hashish with the intent to distribute (Charge I) and wrongfully possessing 27 grams of hashish with the intent to distribute (Specification 1 of Charge V) are an unreasonable multiplication of charges (UMC) under the facts of his case. The appellant avers that this court should set aside the findings of guilty to Charge I and its Specification, dismiss Charge I and its Specification, and reassess the sentence. We disagree.

■ To determine whether there is UMC, we consider five factors: (1) Did the accused object at trial; (2) Are the charges aimed at distinctly separate criminal acts; (3) Do the charges misrepresent or exaggerate the appellant's criminality; (4) Do the charges unreasonably increase the appellant's punitive exposure; and (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges and specifications? *United States v. Quiroz*, 57 M.J. 583, 585–86 (N.M.Ct.Crim.App.2002)(en banc), *aff'd*, 58 M.J. 183 (C.A.A.F.2003)(summary disposition). In deciding an issue of UMC, trial courts should consider RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Discussion, which provides the following guidance: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."

■ This court has previously recognized that "conspiracy can be separately charged and punished along with any crime which may be the object of that conspiracy." *United States v. Johnson*, 58 M.J. 509, 511 (N.M.Ct.Crim.App.2003)(citing *Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975)); *see also United States v. Crocker*, 18 M.J. 33, 36 (C.M.A. 1984). "The rationale for this principle is that '[a] conspiracy, [which] is a partnership in crime … has ingredients, as well as implications, distinct from the completion of the unlawful project.'" *Johnson*, 58 M.J. at 511

(quoting *Pinkerton v. United States*, 328 U.S. 640, 644, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)). Under the facts of this case, we find no unreasonable multiplication of charges.

## Wharton's Rule

█ Under the doctrine known as Wharton's Rule, "where two parties agree to commit an offense requiring concerted criminal activity and those two parties are the only parties who commit the ultimate offense, conspiracy should not be separately charged." *Johnson*, 58 M.J. at 512 (listing for example: adultery, dueling, bribery, etc.). Wharton's Rule, in effect, is "a judicial presumption that Congress did not intend certain criminal conduct to be separately charged as a conspiracy." *Id.*, n. 2 (citing *Iannelli*, 420 U.S. at 782, 95 S.Ct. 1284 and *United States v. Jiles*, 51 M.J. 583, 589 (N.M.Ct.Crim.App.1999)). Further, Wharton's Rule does not apply where the offense underlying the conspiracy charge does not require concerted criminal activity. *Johnson*, 58 M.J. at 512, n. 3 (citing *Crocker*, 18 M.J. at 39 (holding Wharton's Rule does not apply where an alleged conspiracy involves an agreement to possess since possession "patently requires only one person for its commission.")).

█ We find Wharton's Rule applicable to Charge I and its specification and Specification 1 under Charge V *as they appear* on the charge sheet, because the agreement between the appellant and TM3 Buerman to possess hashish *with the intent to distribute* it between themselves required concerted criminal activity on their part and only on their part to commit the ultimate offense of possessing hashish with intent to distribute it between themselves. We base our finding on the following colloquy between the military judge and the appellant during the providence inquiry.

MJ: What did you two agree to do?

ACC: We agreed to go and purchase some hashish, sir.

MJ: And what were the basic terms of this agreement?

ACC: The basic agreement, sir, was that we were just going to drive downtown and purchase some hashish.

MJ: Okay, and what were you going to do with it?

ACC: We were going to smoke it, sir.

. . .

MJ: [Y]ou were going to smoke all 27 grams?

ACC: Not that same day, sir . . . [.]

MJ: Okay. Did you intend to distribute to somebody?

ACC: No, sir.

. . .

ACC: Sir, I was just planning to buy the hashish and then smoke some with my friend, John Buerman. I wasn't going to sell him any or give him any.

. . .

MJ: So are you telling me that all you did, you planned just go—to go down there and buy it for your own use and you weren't going to give any of it to anyone?

ACC: I was just going to share it with my friend, John Buerman, sir.

MJ: Oh, I see. So, when we say intent to distribute, what you mean that you were going to give part of this 27 grams to your friend, John Buerman, for him to use?

ACC: Yes—we were going to use it together, sir.

. . .

MJ: Okay. So, [TM3 Buerman] was going down there to be sort of moral support with you?

ACC: Yes, more or less, something like that, sir.

Record at 31–33. The appellant at no time stated that he conspired with TM3 Buerman to possess hashish for the specific purpose of distributing the hashish to other persons; or, that he did, in fact, possess hashish with TM3 Buerman with the specific intent to distribute to other persons.

Because the conspiracy was limited to only the appellant and TM3 Buerman and the plea inquiry does not support a finding that either one of them intended to distribute hashish to anyone else, Wharton's Rule applies to Charge I and its specification and Specification 1 under Charge V as they appear on the charge sheet. Wharton's Rule would not apply, however, if the military judge had

rejected the common element of an intent to distribute in both the Specification under Charge I and Specification 1 under Charge V. Therefore, we shall take corrective action in our decretal paragraph.

### Post–Trial Delay

In the appellant's second assignment of error, he asserts that the post-trial delay of 2 years between the announcement of his sentence and the docketing of his record of trial with this court was unreasonable and unexplained. The appellant avers that this court should not affirm any part of the sentence extending to confinement and should grant such other relief as is appropriate. We disagree.

 A military appellant has a right to timely review of the findings and the sentence. *United States v. Williams*, 55 M.J. 302, 305 (C.A.A.F.2001), *cert. denied*, 534 U.S. 1169, 122 S.Ct. 1189, 152 L.Ed.2d 129 (2002). In order to obtain relief as an error of law under Article 59(a), UCMJ, however, the appellant must show actual prejudice in addition to unreasonable and unexplained delay. *United States v. Jenkins*, 38 M.J. 287, 288 (C.M.A.1993). The appellant, who did not raise the issue before the convening authority acted, has not shown that the delay was unreasonable. Accordingly, we find that the unexplained delay was not unreasonable *per se;* and, even assuming *arguendo* that there has been unreasonable and unexplained delay, the appellant still has failed to show any evidence of actual prejudice.

However, our superior court has concluded that this court may grant sentence relief for unreasonable and unexplained delay under Article 66(c), UCMJ, even in the absence of actual prejudice. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F.2002). Here, we find no harm of any kind related to the delay, nor do we see any other basis for affording the appellant relief for any post-trial processing delays that occurred in his case. Therefore, we decline to grant relief on this ground.

### Conclusion

First, the following words and punctuation in the specification of Charge I, "with the intent to distribute" and "rent a car aboard U.S. Naval Support Activity, Naples, Italy from EuropCar Car Rental," and "with the intent of distributing said hashish", are set aside. Second, the following words and punctuation in Specification 1 of Charge V, ", with the intent to distribute the said controlled substance", are set aside. Third, the set aside words and punctuation are dismissed. Fourth, we affirm the remaining findings as modified above. Fifth, consistent with this opinion, and in accordance with *United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F.1998)(citing *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986), *rev. after remand denied*, 24 M.J. 67 (C.M.A.1987)), we reassess the sentence. Sixth, we affirm only so much of the sentence as extends to confinement for 9 months, reduction to pay grade E–1, total forfeiture of pay and allowances, and a bad-conduct discharge. Seventh, we order that the supplemental promulgating order accurately report the findings of the appellant's court-martial.

Chief Judge DORMAN and Judge VILLEMEZ concur.

### OPINION ON MOTION FOR RECONSIDERATION

In our published decision of 29 April 2004, we rejected the appellant's two assigned errors. The first asserted that the appellant's conviction for conspiring to possess hashish with the intent to distribute (conspiracy specification)[1] and possessing that same hashish with the intent to distribute (possession specification)[2] represented an unreasonable multiplication of charges. The second requested relief for unreasonable and unexplained post-trial delay. We found, however, that certain language in the conspiracy and possession specifications must be set aside and dismissed, pointing to Wharton's Rule and an insufficient providence inquiry.

On 18 May 2004, the Government requested *en banc* reconsideration of our 29 April

---

1. The specification under Charge I.

2. Specification 1 of Charge V.

2004 decision. The Government conceded the applicability of Wharton's rule to the conspiracy specification, but asserted that we inappropriately applied the doctrine to the substantive charge, the possession specification. The Government requested that this court reconsider and reverse its finding that Wharton's Rule applied to the possession specification, restore the original language of *intent to distribute* to the possession specification, and reassess the appellant's sentence.

The appellant filed a Motion for Leave to File Response Out–of–Time,[3] Response to Government Motion for *En Banc* Reconsideration, and Cross–Motion for Reconsideration on 28 May 2004. The appellant opposed the request for *en banc* reconsideration, but supported reconsideration by the original panel to clarify the basis for the original decision with respect to the possession specification, and requested panel reconsideration of the two assigned errors that we previously found to be without merit.

The Government filed an Opposition to Appellant's Cross–Motion for Reconsideration on 4 June 2004 and requested additional time to respond to what it viewed as a new assignment of error in the event we granted the appellant's motion.

Upon consideration of these pleadings and the record of trial, the court denies the Government's request for *en banc* reconsideration, but Panel I of the court grants the included request for panel reconsideration of that decision. *See* N.M.CT.CRIM.APP. RULE 6–1c. The court denies the appellant's cross-motion for reconsideration of our decision that the conspiracy and possession specifications represent an unreasonable multiplication of charges and that there was unreasonable and unexplained post-trial delay in the appellate review process, as we sufficiently addressed both assignments of error in our original decision. The court considers the portion of the appellant's cross-motion for reconsideration that the Government views as a new assignment of error to actually be responsive to the Government's motion for *en banc* reconsideration and denies the Government's request for an enlargement of time to file an additional response.

### Wharton's Rule

The Government is correct that under Wharton's Rule, when two parties agree to commit an offense requiring concerted criminal activity, and those two parties are the only parties who commit the ultimate (substantive) offense, conspiracy should not be separately charged. *United States v. Johnson,* 58 M.J. 509, 512 (N.M.Ct.Crim.App. 2003). Likewise, the Government is also correct in that Wharton's Rule is a judicial presumption that operates to limit the use of a charge of conspiracy in appropriate cases. *Id.* at 512 n. 2. To the extent that our previous decision can be read to hold that Wharton's Rule was the basis for our decision to set aside and dismiss language from the possession specification, it is misleading. Wharton's Rule was and remains the basis for our decision to set aside and dismiss the language "with the intent to distribute" and "with the intent of distributing said hashish" from the conspiracy specification.

### Providence Inquiry

As we stated in the second paragraph of our original decision, "we conclude that the providence inquiry was not sufficient as it pertains to the appellant's intent to distribute hashish." The appellant is correct in recognizing that the providence inquiry only established that, as a result of the agreement between the appellant and his co-conspirator, the appellant only intended their joint purchase, joint possession, and joint use of the hashish. Appellant's Response to Government Motion for *En Banc* Reconsideration of 28 May 2004. By virtue of their agreement to share the hashish before they procured it, once the appellant and his co-conspirator procured the hashish, they both exercised a joint and continuous possessory interest in the hashish throughout the period when the appellant is alleged to have had the intent to distribute. As further recognized by the appellant, constructive possession of contraband involves the right to exercise dominion and control over it, either directly or through others. *United States v. Wilson,* 7 M.J. 290, 293 (C.M.A.1979). Thus, as this court found in the second paragraph of our decision in

---

**3.** The appellant's Motion to File Response Out– of–Time is hereby granted.

the appellant's case, the providence inquiry did not provide sufficient facts to support the plea as it pertains to the appellant's intent to distribute hashish.[4]

Additionally, although it is not abundantly clear from our previous decision, we found that the providence inquiry did not support a finding of guilty with respect to the phrase "rent a car aboard U.S. Naval Support Activity, Naples, Italy from EuropCar car Rental" as contained in the conspiracy specification.

### Conclusion

The Government's petition for panel reconsideration is granted. On reconsideration, we supplement the previous decision as set forth in this opinion. We reaffirm the holdings of our previous decision: 1) setting aside and dismissing from the specification under Charge I the words and punctuation "with the intent to distribute" and "rent a car aboard U.S. Naval Support Activity, Naples, Italy from EuropCar car Rental" and "with the intent of distributing said hashish;" 2) setting aside and dismissing from Specification 1 under Charge V the words and punctuation "with the intent to distribute the said controlled substance;" 3) affirming the remaining findings as modified above; and 4) affirming only so much of the sentence as extends to confinement for 9 months, reduction to pay grade E–1, total forfeiture of pay and allowances, and a bad-conduct discharge.

Chief Judge DORMAN and Judge VILLEMEZ concur.

---

**4.** Although not cited in our original decision, *United States v. Swiderski,* 548 F.2d 445, 450 (2d Cir.1977) provides additional support for our decision, holding that "where two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse—simple joint possession, without any in-tent to distribute the drug further." The *Swiderski* Court made clear that its holding, as is this court's holding, is limited to "the passing of a drug between joint possessors who simultaneously acquired possession at the outset for their own use." *Id.* at 450–51; *see also United States v. Hill,* 25 M.J. 411, 412–14 (C.M.A.1988).