Judge EFFRON
delivered the opinion of the Court.
On December 10, 2001, Appellant was convicted and sentenced at a general court-martial convened by the Commanding Officer of the U.S. Naval Support Activity in Naples, Italy. The court-martial, composed of a military judge sitting alone, convicted Appellant, pursuant to his pleas, of an absence offense and various drug-related offenses in violation of Articles 81, 86, 92, and 112a, Uniform *104 Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 886, 892, and 912a (2000), respectively. The adjudged sentence included a bad-conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.
Within six weeks after completion of trial, the military judge authenticated the eighty-two-page record. A month later, on February 26, 2002, the convening authority approved the sentence and directed that the record of trial be forwarded to the Navy-Marine Corps Appellate Review Activity in Washington, D.C.
The case was marked as received in Washington on July 22, 2003, reflecting a delay of 511 days. In proceedings before the United States Navy-Marine Corps Court of Criminal Appeals, Appellant raised a number of issues, including failure to provide timely review. The court declined to provide any relief based upon the timeliness issue, but modified two of the findings and reassessed the sentence on other grounds. United States v. Oestmann, 60 M.J. 660, aff'd and supplemented upon reconsideration, 60 M.J. 660, 664 (N.M.Ct.Crim.App.2004). As a result of the modified findings, the court reassessed the sentence. Upon reassessment, the court modified the sentence to include confinement for nine months and approved the balance of the sentence. Id. at 666.
The present appeal concerns Appellant’s right to timely appellate review. See Toohey v. United States, 60 M.J. 100 (C.A.A.F.2003); Diaz v. The Judge Advocate General of the Navy, 59 M.J. 34 (C.A.A.F.2003); United States v. Tardif, 57 M.J. 219 (C.A.A.F.2002); United States v. Jones, 61 M.J. 80 (C.A.A.F.2005).
In the course of addressing the issue of timeliness, the court below said: “The appellant, who did not raise the issue before the convening authority acted, has not shown that the delay was unreasonable.” 60 M.J. at 664. The timeliness issue in the present case, however, does not involve the period preceding the convening authority’s action on the case. Here, the convening authority fulfilled his discretionary responsibility and acted on the case seventy-eight days after the sentence was adjudged. The issue in this case involves the period after the convening authority acted — the unexplained and unusual period of more than one year and five months to accomplish the routine, nondiscre-tionary, ministerial task of transmitting the record from the convening authority to the Navy-Marine Corps Appellate Review Activity. Because the court below did not focus on the relevant period of delay, we decline to rely on the court’s conclusion that relief would not be warranted for unreasonable and unexplained delay in this case.
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed as to the findings and set aside as to the sentence. The record is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for review of the sentence under Toohey, Diaz, Tardif, and Jones. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2000), will apply.