UNITED STATES, Appellee

v.

Kevin L. SIMON, Private
U.S. Marine Corps, Appellant

No. 05-0563

Crim. App. No. 200500094

United States Court of Appeals for the Armed Forces

Argued October 18, 2006

Decided November 27, 2006

EFFRON, C.J., delivered the opinion of the Court, in which BAKER and ERDMANN, JJ., joined.

<u>Counsel</u>

For Appellant:  Lieutenant Richard H. McWilliams, JAGC, USNR (argued); Lieutenant Janelle M. Lokey, JAGC, USNR (on brief); Lieutenant Brian L. Mizer, JAGC, USNR.


For Appellee:  Lieutenant Jessica M. Hudson, JAGC, USNR (argued); Commander Charles N. Purnell, JAGC, USN (on brief).



Military Judge:  P. J. Betz Jr.

<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>.

Chief Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone, convicted Appellant, pursuant to his plea, of failure to obey an order, in violation of Article 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 890 (2000). The adjudged and approved sentence included a bad-conduct discharge, confinement for forty-five days, and forfeiture of $700.00 pay per month for two months. The Navy-Marine Corps Court of Criminal Appeals affirmed in an unpublished opinion. United States v. Simon, No. NMCCA 200500094 (N-M. Ct. Crim. App. Apr. 28, 2005).

On Appellant's petition, we granted review of three issues concerning the post-trial and appellate processing of Appellant's case:

> I. WHETHER ERROR OCCURRED IN APPELLANT'S CASE WHEN APPELLANT LACKS THE MENTAL CAPACITY TO UNDERSTAND AND COOPERATE INTELLIGENTLY IN APPELLATE PROCEEDINGS PURSUANT TO RULE FOR COURTS-MARTIAL 1203(c)(5) AND WHEN NO INQUIRY WAS MADE INTO WHETHER APPELLANT WAS CAPABLE TO ASSIST IN HIS DEFENSE PURSUANT TO RULE FOR COURTS-MARTIAL 706.

> II. WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS INITIAL APPELLATE DEFENSE COUNSEL FAILED TO ESTABLISH CONTACT WITH THE CLIENT, FAILED TO REASONABLY INVESTIGATE HIS CASE, AND FAILED TO RAISE POST-TRIAL DELAY AT THE LOWER COURT.

> III. WHETHER THE UNREASONABLE DELAY CAUSED BY THE GOVERNMENT'S GROSS NEGLIGENCE IN FULFILLING

THE NON-DISCRETIONARY AND MECHANICAL TASK OF FORWARDING A RECORD OF TRIAL FOR APPELLATE REVIEW VIOLATED THE APPELLANT'S RIGHT TO A SPEEDY POST-TRIAL REVIEW.

For the reasons set forth below, we set aside the decision of the Court of Criminal Appeals and remand this case for further consideration.

## I.   BACKGROUND

### A.   POST-TRIAL PROCESSING

The record of trial in Appellant's case -- in which he pled guilty to a single disobedience charge -- consisted of thirty-six pages.  Table I summarizes key events in the post-trial processing of his case.

TABLE I

| EVENT | DATE | DAYS FROM PRIOR ACTION | TOTAL DAYS |
|-------|------|------------------------|------------|
| Findings and sentence adjudged | Oct. 16, 2002 | 0 | 0 |
| Record of trial authenticated by the military judge | Dec. 1, 2002 | 46 | 46 |
| Staff Judge Advocate's (SJA) recommendation served on defense counsel; defense waived response to SJA | Feb. 10, 2003 | 71 | 117 |
| Convening authority's action | July 18, 2003 | 158 | 275 |
| Record of trial docketed at the Court of Criminal Appeals | Feb. 9, 2005 | 572 | 847 |

Pursuant to Article 70(c), UCMJ, 10 U.S.C. § 870(c) (2000), an appellate defense counsel was assigned to represent Appellant before the Court of Criminal Appeals.  The assigned appellate

defense counsel submitted the case to the Court of Criminal Appeals without identifying any errors for consideration by the court. As noted above, the Court of Criminal Appeals affirmed the findings and sentence.

B.   MATTERS SUBMITTED BY APPELLANT'S NEW DEFENSE COUNSEL

A new appellate defense counsel was assigned to represent Appellant before this Court. According to the brief submitted by the new appellate defense counsel:

(1)  Appellant, who suffers from a mental disease, is unable to participate in the present appeal.

(2)  As a result of the mental disease, Appellant was unable to participate in his defense before the Court of Criminal Appeals.

(3)  Appellant's first appellate defense counsel did not contact him while the case was pending before the Court of Criminal Appeals. As a result, Appellant's first defense counsel did not learn of Appellant's mental health issues and did not bring those issues to the attention of the Court of Criminal Appeals.

(4)  There was substantial delay in the post-trial processing and docketing of the case, but Appellant's first defense counsel failed to raise the issue of post-trial delay before the Court of Criminal Appeals.

(5) The post-trial and docketing delays were unreasonable and prejudicial.

Appellant's new defense counsel submitted a number of documents concerning Appellant's mental condition, including a medical diagnosis that Appellant suffers from schizoaffective disorder, and statements from his mother concerning his treatment and behavior. The documents refer to delusional thoughts, self-inflicted injuries, and management of his behavior with medication. The documents submitted by the new appellate defense counsel also indicate that the initial appellate defense counsel did not contact Appellant while the case was pending at the Court of Criminal Appeals. The Government has not submitted documentation rebutting the information in these documents.

Under these circumstances, we shall treat the statements in the documents as establishing the factual setting of the appellate proceedings. See United States v. Ginn, 47 M.J. 236, 250 (C.A.A.F. 1997). In particular, we shall proceed on the basis that Appellant has a mental condition that potentially affects his competence to assist in the present proceedings; that the same circumstances applied during the proceedings in this case before the Court of Criminal Appeals; and that the initial appellate defense counsel did not contact him while the case was pending before the Court of Criminal Appeals.

5

United States v. Simon, No. 05-0563/MC

                    II.   DISCUSSION

     This case involves a guilty plea and a thirty-six page
record.  A total of 847 days elapsed between the completion of
Appellant's court-martial and the docketing of his appeal at the
Court of Criminal Appeals.  The 572-day period between the
convening authority's action and docketing at the lower court
represents the most glaring deficiency in the post-trial
processing of this case. Transmission of the record of trial
from the field to the court is a ministerial act, routinely
accomplished in a brief period of time in the absence of special
circumstances.  There are no special circumstances in this case;
indeed, no explanation for the delay has been offered.
Likewise, there is no explanation for the lengthy period -- 275
days -- taken by the convening authority to act on this case.

     The Court of Criminal Appeals has two distinct
responsibilities in addressing appellate delay.  See Toohey v.
United States, 60 M.J. 100, 103-04 (C.A.A.F. 2004).  First, the
court may grant relief for excessive post-trial delay under its
broad authority to determine sentence appropriateness under
Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).  See United
States v. Tardif, 57 M.J. 219, 225 (C.A.A.F. 2002).  Second, as
a matter of law, the court reviews claims of untimely review and
appeal under the Due Process Clause of the Constitution.  U.S.

Const. amend. V; see Diaz v. Judge Advocate General of the Navy, 59 M.J. 34, 38 (C.A.A.F. 2003).

Because a sentence appropriateness analysis under Article 66(c), UCMJ, is highly case specific, the details of a servicemember's post-trial situation constitute an important element of a court's analysis. See, e.g., United States v. Bodkins, 60 M.J. 322, 324 (C.A.A.F. 2004). Likewise, a due process review of a claim of unreasonable delay involves a four-factor analysis in which at least two of the factors concern the personal post-trial circumstances of the servicemember -- i.e., reasons for asserting or not asserting the right to timely review, and prejudice. See United States v. Moreno, 63 M.J. 129, 138-41 (C.A.A.F. 2006). In such cases, the servicemember may well be the best source of information on these factors. See, e.g., United States v. Jones, 61 M.J. 80, 82-83 (C.A.A.F. 2005).

The present case involves a post-trial delay in performing the routine, nondiscretionary, ministerial task of transmitting the record from the convening authority to the Court of Criminal Appeals. See United States v. Oestmann, 61 M.J. 103, 104 (C.A.A.F. 2005). The appellate delay was compounded by a lengthy period between the end of trial and the convening authority's action.

The extensive post-trial delays in the present case raise substantial questions under both a sentence appropriateness and due process analysis.  At the Court of Criminal Appeals, however, the initial appellate defense counsel did not assign any errors.  The unrebutted record on appeal indicates that counsel had no contact with Appellant while the case was pending before the lower court.  Further, the unrebutted record indicates that Appellant suffered from a significant mental health condition.  In short, the problem of evaluating the treatment of appellate delay by the lower court is compounded by questions as to whether the initial appellate counsel was ineffective by not communicating with Appellant, see United States v. MacCulloch, 40 M.J. 236, 239 (C.M.A. 1994), and whether Appellant was mentally competent to participate in the appellate process before the lower court.  See Rule for Courts-Martial (R.C.M.) 1203(c)(5).

Although we could order further inquiry regarding the prior proceedings at the Court of Criminal Appeals, including whether Appellant received effective assistance of appellate counsel and whether Appellant was mentally competent at that earlier time, we decline to do so where such an inquiry would add further time to an already lengthy appellate process without addressing the merits of the ongoing appellate delay issues in the present case.

8

Under the circumstances of this case, it is appropriate for the lower court to conduct a new review under Article 66(c), UCMJ. In that review, the court shall expressly address the question of whether the post-trial delays in the present case warrant relief either as a matter of sentence appropriateness or due process. See Oestmann, 61 M.J. at 104. The court's analysis shall include separate treatment of the issues of sentence appropriateness and due process for each of the following periods: (1) from the conclusion of trial to the convening authority's action; (2) from the convening authority's action to docketing at the Court of Criminal Appeals; and (3) the overall period from the conclusion of trial to issuance of the original decision by the Court of Criminal Appeals. At the outset of such further proceedings, the court shall determine -- under the circumstances presented to the court at the time of such further proceedings -- whether there is a question as to Appellant's competence to participate in the appellate proceedings. If so, the court shall take appropriate action under R.C.M. 1203(c)(5).

## III. CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to

9

the Court of Criminal Appeals for a review under Article 66(c), UCMJ.  Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2000), will apply.