# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TERELL L. KIZZEE**
**United States Army, Appellant**

ARMY 20180241

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Lieutenant Colonel Patrick L. Bryan, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major J. David Hammond, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira, JA; Captain Christopher K. Wills, JA (on brief).

12 December 2019

-------------------------------------
SUMMARY DISPOSITION
-------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

The unreasonable and unexplained post-trial delay in this case raised substantial questions as to the appropriateness of appellant's sentence. We therefore reduce appellant's sentence by one month and only affirm so much of the sentence as provides for a bad-conduct discharge, confinement for three months, and reduction to E-1.

*Post-trial Delay*

We review this case under Article 66, Uniform Code of Military Justice, [UCMJ]. On appeal, appellant's sole assignment of error concerns the dilatory post-trial processing of his case. Appellant alleges the government allowed 274 days to elapse between sentencing and action and requests relief under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). The government is accountable for each of the 274 days that elapsed between announcement of sentence and the convening authority's action. *United States v. Banks*, 75 M.J. 746, 751 (Army Ct. Crim. App.

2016). The unreasonable post-trial processing of this case warrants relief as discussed herein.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of assault consummated by a battery and burglary, in violation of Articles 128 and 129, 10 U.S.C. §§ 928 and 929, UCMJ (2016). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1.

After completion of appellant's guilty plea, the government only took 22 days to transcribe the 265-page record with the military judge then taking 20 days to authenticate it. The authenticated record of trial and Staff Judge Advocate recommendation (SJAR) to the convening authority were served on appellant 129 days after trial. Trial defense counsel took only six days to submit appellant's clemency matters. Most concerning to this court is that the government allowed 80 days to elapse between the time the military judge authenticated the record and serving the SJAR on appellant, and another 139 days after submission of appellant's post-trial matters to attempt to serve the record of trial on the victim and complete action. The facts and circumstances in this case do not justify the lengthy and unexplained delays between authentication of the record and service of the SJAR and between submission of clemency matters and action.

This court has two distinct responsibilities in addressing post-trial delay. *See United States v. Simon*, 64 M.J. 205 (C.A.A.F. 2006). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *See* U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003). Second, the court may grant an appellant relief for excessive post-trial delay under our broad authority of determining sentence appropriateness under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000). *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002).

We review de novo whether appellant has been denied his due process right to a speedy post-trial review. *Moreno*, 63 M.J. at 135. A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *Id.* at 142. In *Moreno* our superior court adopted the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), which we employ when a presumption of unreasonable post-trial delay exists, to determine whether the post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Id.* In assessing the fourth factor of prejudice, we consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial,

might be impaired." *Id.* at 138-39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

The first factor weighs in favor of appellant as 274 days is presumptively unreasonable. The SJA completed a memorandum acknowledging that the post-trial processing time in this case was presumptively unreasonable in that it exceeded the 120-day guideline outlined in *Moreno*. This memorandum was nothing more than a recitation of the post-trial processing timeline and provided nothing in the way of an explanation for the excessive delay between either authentication of the record and service of the SJAR, or between submission of clemency matters and action. Thus, the record is completely devoid of any explanation for those two lengthy periods of time totaling 219 days.[1] Therefore, the second factor also weighs in favor of appellant.[2] The third factor weighs in favor of the government as appellant did not assert any objection to the post-trial processing of his court-martial until his submission before this court. Regarding the fourth factor, appellant has not alleged or demonstrated any particularized prejudice in his appeal. As such, the fourth factor weighs in favor of the government.

Absent a finding of prejudice, we may find "a due process violation only when, in balancing the other three [*Moreno*] factors, the delay is so egregious that tolerating it would adversely affect the public's perception of fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Under these facts, we do not find the post-trial delay in appellant's case so egregious that he was denied his due process right to a speedy post-trial review.

However, this does not end this court's analysis. In finding that the post-trial delay was unreasonable but not unconstitutional, we turn to our "authority under Article 66(c), UCMJ to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a)." *States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) (citing *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)). We must determine what findings and sentence "should be approved" based on the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay." *Tardif*, 57 M.J. at 224.

---

[1] We draw attention to the concurring opinion in *United States v. Mack* emphasizing the importance of ensuring accurate and timely post-trial processing which is the responsibility of all military justice practitioners. ARMY 20120247, 2013 CCA LEXIS 1016, *5 (Army Ct. Crim. App. 2013) (summ. disp.). "All practitioners, especially staff judge advocates, must ensure that the rights of an accused are not compromised, and that the interests of the government are protected." *Id.* at *7.

[2] We note that the government concedes that the first two factors weigh in favor of appellant.

KIZZEE—ARMY 2018041

The post-trial processing in this case is not the example of diligence and efficiency expected of the military. This is particularly true in a guilty plea to one specification each of assault consummated by a battery and burglary, which the court reporter transcribed a mere 22 days after trial. Despite the quick production of the transcript, it took the government another 252 days to complete action, a dilatory post-trial delay for which the government has offered no explanation. "Incidents of poor administration reflect adversely on the United States Army and the military justice system." *United States v. Carroll,* 40 M.J. 554, 557 n.8 (A.C.M.R. 1994). Having considered the entire record, the lack of any explanation by the government to overcome *Moreno's* presumption of unreasonableness, and the particular facts and circumstances of this case, we find that appellant is entitled to relief and that a one month reduction in the sentence is appropriate.

## CONCLUSION

The findings of guilty are AFFIRMED. We grant relief in accordance with *Tardif,* and affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for three months, and reduction to E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class TERELL L. KIZZEE**
United States Army, Appellant

ARMY 20180241

---
NOTICE OF COURT-MARTIAL ORDER CORRECTION
---

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 4, HEADQUARTERS, FORT CAMPBELL, FORT CAMPBELL, KENTUCKY 42223, dated 13 February 2019,

IS CORRECTED AS FOLLOWS:

BY reflecting appellant's name as "Terell L. Kizzee."

BY deleting in footnote 2 the words "to the lesser-included offense."

DATE: 12 December 2019

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court