# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JACOB L. PONDER**
**United States Army, Appellant**

ARMY 20180515

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Colonel Laura J. Calese. Staff Judge Advocate

For Appellant: Major Angela D. Swilley, JA; Major Robert Feldmeier, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

10 February 2020

----------------------------------
SUMMARY DISPOSITION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

The unreasonable and unexplained post-trial delay in this case raised substantial questions as to the appropriateness of appellant's sentence. We therefore reduce appellant's sentence by fifteen days and only affirm so much of the sentence as provides for a bad-conduct discharge, confinement for fifteen months and fifteen days, and reduction to E-1.[1]

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of five specifications of wrongful use of a controlled substance, three specifications of violating a general regulation, two specifications of wrongful appropriation, one specification of larceny, one specification of wrongfully disobeying a commissioned officer, and one specification of absence without leave terminated by apprehension in violation of Articles 112a and 92, 121, 90, and 86,

(continued . . .)

*Post-trial Delay*

We review this case under Article 66, Uniform Code of Military Justice [UCMJ]. While appellant did not raise any issues before this court, Article 66(c), UCMJ imposes an obligation on this court to assess the appropriateness of appellant's sentence in light of presumptively unreasonable and unexplained delay in the post-trial processing of his case. *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). The government is accountable for each of the 296 days that elapsed between announcement of sentence and the convening authority's action. *United States v. Banks*, 75 M.J. 746, 751 (Army Ct. Crim. App. 2016). The facts and circumstances in this case do not justify the lengthy and unexplained delay between submission of clemency matters and action. The unreasonable post-trial processing of this case warrants relief as discussed herein.

A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). This court has two distinct responsibilities in addressing post-trial delay. *See United States v. Simon*, 64 M.J. 205 (C.A.A.F. 2006). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *See* U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003). Second, we may grant an appellant relief for excessive post-trial delay under our broad authority of determining sentence appropriateness under Article 66(c), UCMJ. *See Tardif*, 57 M.J. at 225.

Though 296 days is a presumptively unreasonable post-trial delay, applying the four-factor test in *Barker v. Wingo,* 407 U.S. 514, 530 (1972), we do not find the delay so egregious that appellant was denied his due process right to a speedy post-trial review. *See Moreno*, 63 M.J. at 142. We find the post-trial delay unreasonable but not unconstitutional, and now turn to our "authority under Article 66(c), UCMJ to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a)." *Tardif*, 57 M.J. at 224 (citing *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)). We must determine what findings and sentence "should be approved" based on the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay." *Tardif*, 57 M.J. at 224.

---

(. . . continued)
UCMJ, 10 U.S.C. §§ 912a, 892, 921, 890 and 886. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for sixteen months, and reduction to the grade of E-1.

Without explanation, the government surpassed the prescribed 120-day post-trial clock by 176 days. There were multiple pre-trial hearings spanning from May 2018 until appellant's 3 October 2018 trial, allowing for transcription as the case proceeded. Despite that, the government took 93 days after completion of appellant's guilty plea to transcribe the 512-page record. The military judge took 37 days for review and authentication and another 49 days elapsed between authentication and service of the Staff Judge Advocate recommendation (SJAR) on appellant. Most concerning, however, is the 99 days that elapsed between receipt of appellant's post-trial matters[2] and the convening authority's action, particularly given the convening authority's limited options for relief under Article 60, UCMJ. The government provided no explanation for the lengthy delays.

The post-trial processing in this case is not the example of diligence and efficiency expected of the military, particularly for a case which resulted in a guilty plea. The SJA completed a memorandum acknowledging that the post-trial processing time in this case was presumptively unreasonable as it exceeded the 120-day guideline outlined in *Moreno*. However, the SJA's memorandum is nothing more than a recitation of the post-trial processing timeline and provides nothing in the way of an explanation for the 99 days that elapsed between submission of clemency matters and action.

"Incidents of poor administration reflect adversely on the United States Army and the military justice system." *United States v. Carroll,* 40 M.J. 554, 557 n.8 (A.C.M.R. 1994). Reviewing the entire record, and in light of the government's failure to satisfy its obligation to provide adequate reasons for excessive post-trial delay, along with the particular facts and circumstances of this case, we find a fifteen day reduction in the sentence appropriate. We take this opportunity to remind all military justice practitioners that "[d]ilatory post-trial processing, without an acceptable explanation, is a denial of fundamental military justice," and when presented with excessive and unexplained delays in post-trial processing, this court will "assur[e] that justice is done." *United States v. Bauerbach,* 55 M.J. 501, 507 (Army Ct. Crim. App. 2001).

## CONCLUSION

The findings of guilty are AFFIRMED. Reassessing the sentence in accordance with *Tardif,* we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for fifteen months and fifteen days, and

---

[2] We note that while appellant did not assert excessive post-trial delay before this court, he did assert excessive post-trial delay resulting in difficulty securing employment in his clemency submission to the convening authority.

reduction to E-1.[3] All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58(b)(c) and 75(a).

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] The military judge granted appellant 259 days of pre-trial confinement credit and 90 days of additional confinement credit pursuant to Article 13, UCMJ, neither of which are reflected in the convening authority's action. So far as appellant has not already received such credit, he shall be credited 349 days against confinement. *See* Army Reg. 27-10, Legal Services: Military Justice, para. 5-32.a (11 May 2016); *United States v. Arab*, 55 M.J. 508, 510 n.2 (Army Ct. Crim App. 2001).