# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 ALEJANDRO REYES**
**United States Army, Appellant**

ARMY 20190261

Headquarters, Fort Stewart
David H. Robertson, Military Judge
Colonel Steven M. Ranieri, Staff Judge Advocate

For Appellant: Captain Benjamin A. Accinelli, JA; Captain Catherine E. Godfrey, JA.

For Appellee: Lieutenant Colonel Wayne H. Williams, JA.

21 February 2020

------------------------------
SUMMARY DISPOSITION
------------------------------

Per Curiam:

We review this case under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (UCMJ). In matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant alleges that the 199 days that elapsed between the pronouncement of the sentence and the convening authority's final action constitute an unreasonable post trial delay. We agree. We also find the 91 days that elapsed between action and referral of appellant's case to this court to be patently unreasonable. Accordingly, we grant relief in our decretal paragraph.*

---

* A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of a single specification of negligent homicide in violation of Article 134, UCMJ, 10 U.S.C. § 934. The convening authority approved the adjudged sentence of confinement for seven months and a bad-conduct discharge.

*Post-trial Delay*

Article 66(c), UCMJ imposes an obligation on this court to assess the appropriateness of appellant's sentence in light of presumptively unreasonable and unexplained delay in the post-trial processing of his case. *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). The government is accountable for each of the 199 days that elapsed between the 15 April 2019 announcement of the sentence and the convening authority's 30 October 2019 action, as well as the 91 days that elapsed until the case was docketed by this court on 28 January 2020. *United States v. Banks*, 75 M.J. 746, 751 (Army Ct. Crim. App. 2016).

A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial or when the record of trial is not docketed by the service court of criminal appeals within 30 days of action. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). This court has two distinct responsibilities in addressing post-trial delay. *See United States v. Simon*, 64 M.J. 205 (C.A.A.F. 2006). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *See* U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003). Second, we may grant an appellant relief for excessive post-trial delay under our broad authority of determining sentence appropriateness under Article 66(c), UCMJ. *See Tardif*, 57 M.J. at 225.

Though 199 days and 91 days are presumptively unreasonable post-trial and post-action delays respectively, in applying the four-factor test in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), we do not find the delays so egregious that appellant was denied his due process right to a speedy post-trial review. *See Moreno*, 63 M.J. at 142. We find the delays unreasonable but not unconstitutional, and now turn to our "authority under Article 66(c), UCMJ to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a)." *Tardif*, 57 M.J. at 224 (citing *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)). We must determine what findings and sentence "should be approved" based on the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay." *Tardif*, 57 M.J. at 224.

The post-trial processing in this case is not the example of diligence and efficiency expected of the military, particularly for a case which resulted in a guilty plea captured in a 138-page transcript. Without explanation, the government surpassed the prescribed 120-day post-trial clock by 79 days. Perhaps more concerning is that an additional 91 days elapsed between the convening authority's action and docketing of appellant's case by this court—three times the presumptively reasonable period of time for docketing to occur. There is no reason

it should take three months for the government to mail three short volumes to this court. The unexplained delays in the post-trial processing of this case warrant relief.

"Incidents of poor administration reflect adversely on the United States Army and the military justice system." *United States v. Carroll,* 40 M.J. 554, 557 n.8 (A.C.M.R. 1994). Reviewing the entire record, and in light of the government's failure to satisfy its obligation to provide adequate reasons for excessive post-trial delay, along with the particular facts and circumstances of this case, we find a thirty day reduction in the sentence appropriate. We take this opportunity to remind all military justice practitioners that "[d]ilatory post-trial processing, without an acceptable explanation, is a denial of fundamental military justice," and when presented with excessive and unexplained delays in post-trial processing, this court will "assur[e] that justice is done." *United States v. Bauerbach,* 55 M.J. 501, 507 (Army Ct. Crim. App. 2001).

## CONCLUSION

The findings of guilty are AFFIRMED. Reassessing the sentence in accordance with *Tardif,* we affirm only so much of the sentence as provides for confinement for six months and a bad-conduct discharge. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58(b)(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 ALEJANDRO REYES**
**United States Army, Appellant**

ARMY 20190261

------------------------------------------------------------------------
NOTICE OF COURT-MARTIAL ORDER CORRECTION
------------------------------------------------------------------------

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 14, HEADQUARTERS, FORT STEWART, FORT STEWART, GEORGIA 31314, dated 30 October 2019,

IS CORRECTED AS FOLLOWS:

BY reflecting the Finding of The Specification, Charge II as "Guilty as amended."

DATE: 21 February 2020

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court