CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class COREY L. BRUNER**
**United States Army, Appellant**

ARMY 20190276

Headquarters, 8th Theater Sustainment Command
Kenneth W. Shahan, Military Judge
Lieutenant Colonel Michael C. Friess, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Captain Paul T. Shirk, JA (on brief); Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Joseph C. Borland, JA; Captain Paul T. Shirk, JA (on reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Brian D. Jones, JA; Captain Karey B. Marren, JA (on brief).

12 August 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

A military judge sitting as a general court-martial tried appellant on 22 April 2019. Pursuant to his pleas, appellant was found guilty of one specification of attempted larceny, one specification of violating a lawful general regulation, one specification of wrongfully distributing a controlled substance, one specification of wrongfully using a controlled substance, and six specifications of larceny, in violation of Articles 80, 92, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, 912a, and 921 [UCMJ]. Contrary to his pleas, appellant was found guilty of one specification of attempted robbery, in violation of Article 80, UCMJ. Appellant was sentenced to be discharged from the service with a bad-

conduct discharge, to be confined for twenty-seven months, and to be reduced to the grade of E-1.[1]  The convening authority approved the adjudged sentence on 26 November 2019.[2]

## BACKGROUND

Several weeks after trial, the court reporter discovered a malfunction in the recording equipment.  As a result, approximately seventeen minutes of the government's closing argument on the one contested specification was not recorded and unavailable for transcription, leaving the record incomplete.  The court reporter inserted a Memorandum for the Record into the record of trial where the transcription was missing.  The memorandum generally explained what was missing.  The military judge then authenticated the record of trial.  Appellant did not raise the issue in his post-trial matters and the staff judge advocate (SJA) made no mention of the missing portion of the record in his post-trial advice to the convening authority.  Appellant on two occasions requested speedy post-trial processing.  The SJA included a timeline of the post-trial processing of the case along with his post-trial advice.  However, the SJA offered no explanation for the delay and provided no comment on appellant's request for speedy processing.

On appeal, appellant raises three assignments of error, two of which we will address.  In his first assignment of error, appellant contends the convening authority improperly approved appellant's sentence without a substantially verbatim transcript in violation of Rule for Courts-Martial [R.C.M.] 1103(f).  In his third assignment of error, appellant avers he is entitled to relief where the government took 216[3] days from sentencing until action to process his record of trial.  We agree with appellant on both counts.[4]

---

[1] Appellant was sentenced on 24 April 2019.  The military judge awarded appellant 189 days of confinement credit.

[2] The convening authority's action fails to account for appellant's 189 days of judicially awarded confinement credit.  Insofar as appellant has not already received such credit, he shall be credited 189 days against his sentence.  *See* Army Reg. 27-10, Legal Services:  Military Justice, para. 5-32.a (11 May 2016); *United States v. Arab*, 55 M.J. 508, 510 n.2 (Army Ct. Crim. App. 2001).

[3] As noted below, we find 196 of those days attributable to the government.

[4] Appellant's second assignment of error alleges the record is incomplete because of a missing court-martial convening order.  Appellate government counsel moved to attach the convening order to the record of trial.  That motion was granted.

## LAW AND DISCUSSION

Whether a transcript is substantially verbatim is a question of law which we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014).

In accordance with R.C.M. 1103(b)(2)(B), the record of trial in any case in which the sentence adjudged includes twelve or more months of confinement or a bad-conduct discharge must include a verbatim transcript of all sessions except closed deliberations and voting. *See* R.C.M. 1103(f);[5] *Davenport*, 73 M.J. at 377 (a record is not verbatim if omitted material is qualitatively or quantitatively substantial). The discussion to R.C.M. 1103(b)(2)(B) further clarifies that a verbatim transcript includes "all proceedings, including sidebar conferences, arguments of counsel, and rulings and instructions by the military judge." In this case, the parties agree the scale of the missing transcript renders the transcript non-verbatim under the quantitative standard. *See Davenport*, 73 M.J. at 377. We concur.

In *Davenport*, our Superior Court held where the record of trial is incomplete because the transcript is not verbatim, the procedures found in R.C.M. 1103(f) control. 73 M.J. at 378. In accordance with R.C.M. 1103(f), there are two options available to address qualifying cases in which the transcript is not verbatim. After preparing a summarized report of the proceedings, the convening authority may approve a sentence that includes six months or less of confinement and no discharge. R.C.M. 1103(f)(1). In the alternative, the convening authority may order a rehearing as to any offense of which appellant was found guilty, provided the evidence in the summarized record supports such a finding. R.C.M. 1103(f)(2). Traditionally, when appellate courts determined a transcript was not verbatim, the case was returned to the convening authority for action pursuant to R.C.M. 1103(f). *See Davenport*, 73 M.J. at 379 (returning the case to the convening authority "for action consistent with R.C.M. 1103(f)"); *United States v. Roberts*, ARMY 20150023, 2018 CCA LEXIS 437, at *12 (Army Ct. Crim. App. 7 Jun. 2018) (mem. op.) (returning the case "to the convening authority under R.C.M. 1103").

Unfortunately, as this court noted in *United States v Steele*, ARMY 20170303, 2019 CCA LEXIS 95, at *6-9 (Army Ct. Crim. App. 5 Mar. 2019) (mem. op.), the amendment to Article 60, UCMJ, pursuant to the MJA of 2016, effectively prevents the convening authority from exercising either of the options delineated in R.C.M.

---

[5] The charges in this case were referred prior to 1 January 2019. Therefore, the version of the R.C.M. in effect on the date of referral control. The court recognizes the Military Justice Act (MJA) of 2016 brought significant changes to the R.C.M. governing preparation and certification of the record of trial.

1103(f). This limitation creates a situation where such cases might be forever stuck in a version of appellate limbo. In *Steele*, where a significant portion of the sentencing hearing was missing, a different panel of this court broke free of the "do-loop" created by the new Article 60, UCMJ, by setting aside the sentence, which the convening authority could not do, before returning the case to the convening authority for action consistent with R.C.M. 1103(f). *Steele*, 2019 CCA LEXIS 95, at *8-10. We agree with the logic of Steele insofar as it calls for this court to take the action which the convening authority cannot due to the changes to Article 60. However, as this case is postured differently, further discussion is required.

In this case, missing from the transcript is the bulk of the government's argument on findings for the one contested specification. Certainly, the missing transcript affects the finding of guilt on that charge, as well as the sentence, which included punishment for the contested finding as well as the charges to which appellant pleaded guilty.[6] However, there is no indication the guilty plea portion of appellant's court-martial, which took place a day earlier, was impacted at all by the missing portions of the transcript. Accordingly, both parties urge the court to set aside only the finding of guilty to the contested specification and the sentence, and leave standing the offenses of which appellant was convicted pursuant to his pleas.

Despite the urgings of the parties, we conclude that act is not within our power. *Davenport* makes clear if a record is incomplete because of a non-verbatim transcript, then the remedies are limited to those found in R.C.M. 1103. *Davenport*, 73 M.J. at 378. As that rule states, a complete transcript includes all sessions of the court-martial. R.C.M. 1103(b)(2)(B). Neither R.C.M. 1103 nor *Davenport* make room for any parsing among sessions or offenses in evaluating the completeness of a record and we will not engage in any in this case. *See United States v. Seeto*, ACM 39247, 2018 CCA LEXIS 518, at *19 n.7 (A.F. Ct. Crim. App. 26 Oct. 2018) (unpublished). Appellant's record of trial is non-verbatim; therefore, we must set aside all of the findings of guilty and the sentence before returning the case for the convening authority's action consistent with R.C.M. 1103(f)(2). We will do so in our decretal paragraph.[7]

---

[6] Appellant's sentence was not segmented.

[7] As we noted in *Steele*, the best time to rectify an incomplete transcript is as soon as the error is discovered. *Steele*, 2019 CCA LEXIS 95, at *4 n.7 (citing *Davenport*, 73 M.J. at 377-78). This is particularly true given the changes to the R.C.M., which apply to all cases referred after 1 January 2019. Rule for Courts-Martial 1112 now covers certification of the record of trial and addresses situations where the recording of all sessions is not substantially verbatim. The rule specifically calls for correction by the military judge. R.C.M. 1112(d). Options available include reconstructing the missing portions of the record, or if necessary, proceeding anew

(continued . . .)

4

Appellant also alleges he is entitled to relief as a result of the dilatory post-trial processing of his case. We agree.

When confronted with post-trial delay, this court has two distinct responsibilities. *United States v. Simon*, 64 M.J. 205, 207 (C.A.A.F. 2006) (citing *Toohey v. United States*, 60 M.J. 100, 103-04 (C.A.A.F. 2004)). First, this court reviews de novo whether claims of excessive post-trial delay resulted in a due process violation. *Id.* (citing U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003)). Second, even if we find no error as a matter of law, we may grant an appellant relief for excessive post-trial delay using our broad authority to determine sentence appropriateness under Article 66, UCMJ. *Id.* (citing *United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002)).

A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). In *Toohey*, our Superior Court adopted the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), which we employ when a presumption of unreasonable post-trial delay exists, to determine whether the post-trial delay constitutes a due process violation: "(1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of his right to a timely appeal; and (4) prejudice to the appellant." 60 M.J. at 102. In assessing the fourth factor of prejudice, we consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138-39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

Considering the facts of this case, where appellant twice demanded speedy trial and where there was an obvious error that needed correction, we find appellant is entitled to relief. While the circumstances of this case might justify relief under the *Moreno* test, we are confident relief is warranted pursuant to our broad authority to assess an appropriate sentence under Article 66.

Typically, after finding an appellant is entitled to relief for dilatory post-trial processing, we would take action to provide specific relief based on the violation. Given that we return this case to the convening authority for the possibility of a rehearing on both findings and sentence, we do not believe providing specific

---

(. . . continued)
by recalling witnesses or having counsel re-make their arguments. R.C.M. 1112(d)(3) discussion.

sentence relief is appropriate at this point in the proceedings. Instead, should this case come back to us for appellate review a second time, we will consider the government's dilatory post-trial processing of this case as part of any subsequent appellate review and provide any appropriate sentence relief at that time. *See* UCMJ art. 66.

## CONCLUSION

Based upon the forgoing, the findings of guilty and the sentence are SET ASIDE. A rehearing may be ordered by the same or different convening authority.[8] *See* R.C.M. 1103(f)(2).

Chief Judge KRIMBILL and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[8] Appellant will be credited with the 189 days of confinement credit awarded by the military judge at his first trial, and any credit for confinement served pursuant to the sentence we set aside herein.