# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 JESSE L. PIMENTAL-TORRES**
**United States Army, Appellant**

ARMY 20190044

Headquarters, Fort Stewart
David H. Robertson and John M. Bergen, Military Judges
Lieutenant Colonel Andrew K. Kernan, Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Catherine E. Godfrey, JA (on brief); Major Jack D. Einhorn, JA; Captain Catherine E. Godfrey, JA (on reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Allison L. Rowley, JA (on brief).

26 August 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

The government's unexplained dilatory post-trial processing of appellant's case warrants reducing his sentence to confinement by 60 days. A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for ten months, reduction to the grade of E-1, and total forfeiture of all pay and allowances. The military judge credited appellant with 10 days of credit against his sentence to confinement. The convening authority approved the adjudged sentence.

We review this case under Article 66, UCMJ. On appeal, appellant's sole assignment of error concerns the government's dilatory post-trial processing.[1] Appellant asserts the government allowed 209 days to elapse between the adjournment of his trial and the convening authority's action.[2] Additionally, the government allowed 141 days to elapse between the convening authority's action and the delivery of his case to our court. As we discuss below, the government's unexplained and dilatory post-trial processing warrants relief under Article 66(c), UCMJ.

## BACKGROUND

After the adjournment of appellant's trial, the government lost the transcript and failed to provide any details explaining the loss. Despite this negligence, the government attempted to fix its off-course post-trial ship by creating a new transcript and issuing a staff judge advocate recommendation within four and a half months of the trial's adjournment. The government's attempt to course-correct quickly went awry, however, when it took the convening authority approximately two months to take action after the receipt of appellant's Rule for Courts-Martial (RCM) 1105 matters. The post-trial ship sank, much like the Titanic, when the government took an additional 141 days to deliver a three-volume record of trial to this court.

## LAW AND DISCUSSION

This court has two distinct responsibilities in addressing post-trial delay. *United States v. Simon*, 64 M.J. 205, 207 (C.A.A.F. 2006) (citing *Toohey v. United States*, 60 M.J. 100, 103-04 (C.A.A.F. 2004)). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *See* U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003). Second, we may grant an appellant relief for excessive post-trial delay using our broad authority of determining sentence

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

[2] The actual delay attributable to the government during this period is 189 days.

appropriateness under Article 66(c), UCMJ. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002)).

We review *de novo* whether appellant has been denied his due process right to a speedy post-trial review. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *Id.* at 142. A similar presumption of unreasonable post-trial delay exists when the record of trial of a completed court-martial is not docketed by the appropriate service court of criminal appeals within thirty days of the convening authority's action. *Id.* In *Toohey v. United States*, our Superior Court adopted the following four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), which we employ when a presumption of unreasonable post-trial delay exists, to determine whether the post-trial delay constitutes a due process violation: "(1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of his right to a timely appeal; and (4) prejudice to the appellant." 60 M.J. at 102. In assessing the fourth factor of prejudice, we consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138-39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

At bar, the first two factors weigh in appellant's favor. The government failed to provide any reason for the approximate two-month delay for the convening authority to take action from the receipt of appellant's RCM 1105 matters or the even more egregious delay of 141 days to deliver a three-volume record of trial to this court. *See Moreno*, 63 M.J. at 142 (presumption of unreasonable post-trial delay exists when the record of trial has not been received by the service court of criminal appeals within thirty days of the convening authority's action). The third factor weighs in the government's favor as appellant did not assert his right to a timely appeal.

Regarding the fourth factor, appellant alleges as his sole grounds of prejudice that he "had to endure the entirety of his ten-month confinement without access to appellate counsel." Appellant's assertion is not persuasive. *See Moreno*, 63 M.J. at 140 (requiring "an appellant to show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an

appellate decision."). We acknowledge the post-trial delay likely contributed to appellant's anxiety during his appeal, but just as our Superior Court found in *United States v. Toohey*, appellant has not alleged a particularized anxiety greater than that of others awaiting appellate review of their cases. 63 M.J. 353, 361 (C.A.A.F. 2006). Many convicted military prisoners with shorter adjudged confinement periods complete their confinement before receiving appellate representation or consideration by this court. In this case, the delay in gaining "access to appellate counsel" did not cause appellant to be confined for a longer period of time and does not constitute a "particularized anxiety." As such, the fourth factor weighs against appellant.

Absent the fourth factor weighing for appellant, we may find "a due process violation only when, in balancing the other three [*Barker*] factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 362. Under these facts, we do not find the post-trial delay in appellant's case so egregious that he was denied his due process rights under *Moreno*.

We do find, however, that this is an appropriate case to exercise our authority to grant relief under Article 66(c), UCMJ. *See Tardif*, 57 M.J. at 224. Having considered the entire record, particularly noting the egregious and unexplained 141-day delay, we find that appellant is entitled to relief and a two-month reduction in sentence to confinement is appropriate.

## CONCLUSION

The findings of guilty are AFFIRMED. After determining an appropriate remedy for the government's dilatory post-trial processing, in accordance with *Tardif*, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for eight months, reduction to E-1, and total forfeiture of all pay and allowances. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge BURTON and Judge RODRIGUEZ concur.

4

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court