# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JONATHAN F. BADGETT**
**United States Army, Appellant**

ARMY 20190177

Headquarters, Fort Campbell
Matthew A. Calarco and John M. Bergen, Military Judges
Lieutenant Colonel Patrick L. Bryan, Staff Judge Advocate

For Appellant: Colonel Michael C. Friess, JA; Lieutenant Colonel Angela D. Swilley, JA; Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Brett Cramer, JA; Captain Anthony A. Contrada, JA (on brief).

4 November 2020

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

The government's unexplained dilatory post-trial processing of appellant's case warrants reducing his sentence to confinement by four months. A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of sexual abuse of a child, one specification of possession of child pornography, two specifications of production of child pornography, one specification of viewing child pornography, one specification of distributing child pornography, and one specification of communicating indecent language, in violation of Articles 120b and 134, 10 U.S.C. §§ 920b, 934 (2012) [UCMJ].

The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-five years, total forfeitures of all pay and allowances, and

reduction to the grade of E-1. Pursuant to a pre-trial agreement, the convening authority approved only so much of the sentence to confinement as provided for six years of confinement.

We review this case under Article 66, UCMJ. On appeal, appellant's sole assignment of error concerns the government's dilatory post-trial processing.[1] Appellant asserts the government allowed 394 days to elapse between the adjournment of his trial and our court's receipt of his case. The actual delay attributable to the government is 343 days between the trial's adjournment and the convening authority action and 48 days between that action and our receipt of the case, or a total of 391 days.[2] As we discuss below, the government's dilatory post-trial processing warrants relief under Article 66(c), UCMJ.

## BACKGROUND

After the adjournment of appellant's trial, the government took over 250 days to serve appellant with the record of trial (ROT) and the staff judge advocate recommendation (SJAR). Appellant's trial defense counsel submitted a request for speedy post-trial processing within this 250-day period. After appellant submitted his post-trial matters to the convening authority, it took an additional 78-days for the convening authority to take action.

The addendum to the SJAR acknowledged the following: (1) that the post-trial delay in appellant's case was "over twice the 120 day standard in *US v. Moreno*," (2) that appellant had been prejudiced by the delay because he was ineligible to attend a clemency eligibility review board because of the government's dilatory post-trial processing of his case; and (3) that "a reduction in the approved sentence of 60-90 days that [appellant] will have to wait for his board would be an appropriate remedy [for the convening authority] to recommend to ACCA."

---

[1] We have also given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

[2] The sentence was adjudged on 1 March 2019, and the convening authority took action 343 days later, on 25 February 2020. As the government concedes, appellant submitted his matters within the 10 days of receiving his record of trial. Accordingly, all 343 days are attributable to the government. *See United States v. Banks*, 75 M.J. 746, 748 (Army Ct. Crim. App. 2016); Rule for Courts-Martial 1105(c)(1). Additionally, it took another 48 days after the convening authority action for this court to receive appellant's case on 13 April 2020.

## LAW AND DISCUSSION

This court has two distinct responsibilities in addressing post-trial delay. *United States v. Simon*, 64 M.J. 205, 207 (C.A.A.F. 2006) (citing *Toohey v. United States*, 60 M.J. 100, 103-04 (C.A.A.F. 2004)). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *Id.* (citing U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003)). Second, we may grant an appellant relief for excessive post-trial delay using our broad authority of determining sentence appropriateness under Article 66(c), UCMJ. *Id.* (citing *United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002)).

We review *de novo* whether appellant has been denied his due process right to a speedy post-trial review. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F 2006). A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *Id.* at 142. In *Toohey v. United States*, our Superior Court adopted the following four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), which we employ when a presumption of unreasonable post-trial delay exists, to determine whether the post-trial delay constitutes a due process violation: "(1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of his right to a timely appeal; and (4) prejudice to the appellant." 60 M.J. at 102. In assessing the fourth factor of prejudice, we consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138-39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

At bar, the first factor weighs in appellant's favor, as over 390 days is presumptively unreasonable. In the addendum, the staff judge advocate (SJA) acknowledged the post-trial processing time exceeded the 120-day guideline but fails to provide adequate explanation for the delay merely stating, "I do not find that the Accused's due process rights have been violated. Therefore, I do not recommend relief based upon United States v. Moreno." Accordingly, the second factor weighs in appellant's favor.

The third factor also weighs in appellant's favor as he asserted his right to speedy post-trial processing. Of particular concern, over three months elapsed between appellant's request for speedy post-trial processing and the convening authority's action. In analyzing the fourth factor of prejudice, however, we may find "a due process violation only when, in balancing the other three [*Barker*] factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system."

*Toohey*, 63 M.J. at 362. Under these facts, we do not find the post-trial delay in appellant's case so egregious that he was denied his due process rights under *Moreno*.

We do find, however, that this is an appropriate case to exercise our authority to grant relief under Article 66(c), UCMJ. *See Tardif*, 57 M.J. at 224. Having considered the entire record, the lack of any adequate explanation by the government as to its lack of action, the recommendation in the addendum to the SJAR to grant relief, and appellant's demand for speedy post-trial review, we find he is entitled to relief.[3]

## CONCLUSION

The findings of guilty are AFFIRMED. After determining an appropriate remedy for the government's dilatory post-trial processing, in accordance with *Tardif*, we affirm only so much of the sentence as provides for a dishonorable discharge, 5 years and 8 months of confinement, reduction to E-1, and the total forfeiture of all pay and allowances. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge Burton and Judge Rodriguez concur.

---

[3] We note this court has addressed numerous dilatory post-trial processing cases from this same jurisdiction. *See United States v. Hickey*, ARMY 20190072 (Army Ct. Crim. App. 7 Oct. 2020) (unpub); *United States v. Barchers*, ARMY 20180648 (Amy Ct. Crim. App. 30 September 2020) (unpub.) (granting relief for 129-day lapse between appellant's post-trial submission and convening authority action); *United States v. Feeney-Clark*, ARMY 20180694, 2020 CCA LEXIS 256 (Army Ct. Crim. App. 29 Jul. 2020) (mem. op) (granting relief for 303 days of post-trial processing delay); *United States v. Diaz*, ARMY 20180556, 2020 CCA LEXIS 154 (Army Ct. Crim. App. 11 May 2020) (summ. disp.) (granting relief for 308 days of post-trial processing delay); *United States v. Notter*, ARMY 20180503, 2020 CCA LEXIS 150, at *5 (Army Ct. Crim. App. 4 May 2020) (mem. op.) (granting relief for 336 days of post-trial processing); *United States v. Ponder*, ARMY 20180515, 2020 CCA LEXIS 38, at *3 (Army Ct. Crim. App 10 Feb. 2020) (summ. disp.) (granting relief for 296 days of post-trial processing); *United States v. Kizzee*, ARMY 20180241, 2019 CCA LEXIS 508, at *7 (Army Ct. Crim. App. 12 Dec. 2019) (summ. disp.) (granting relief for 274 days of post-trial processing).

BADGETT—ARMY 20190177

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JONATHAN F. BADGETT**
**United States Army, Appellant**

ARMY 20190177

------------------------------------------------------------------
NOTICE OF COURT-MARTIAL ORDER CORRECTION
------------------------------------------------------------------

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 3, HEADQUARTERS, FORT CAMPBELL, 2700 INDIANA AVENUE, FORT CAMPBELL, KENTUCKY 42223-5000, dated 5 March 2020,

IS CORRECTED AS FOLLOWS:

BY adding at the top of page one, above DNA processing required, the words and figures "Firearms Prohibitions Apply – Felony Conviction. 18 U.S.C. 922(g)(1)."

DATE:  4 November 2020

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court