# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**

**v.**

**Private E1 JOSEPH L. FEENEY-CLARK**
~~United States Army, Appellant~~

ARMY 20180694

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Lieutenant Colonel Patrick L. Bryan, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Thomas J. Travers, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Allison L. Rowley, JA (on brief).

29 July 2020

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

The unreasonable and unexplained post-trial delay in this case raises substantial questions as to the appropriateness of appellant's sentence. Unfortunately, given that appellant's pre-trial confinement credit exceeds his adjudged sentence of 107 days of confinement, we are unable to provide appellant meaningful relief. However, given that Fort Campbell has had no less than six cases in less than twelve months with inexcusable post-trial delays highlighting a lack of due diligence in post-trial processing, we would be remiss if we did not address the excessive post-trial delay in this case.

## BACKGROUND

We review this case under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866(d)(1) [UCMJ]. On appeal, appellant's sole assignment of error

concerns the dilatory post-trial processing of his case. Appellant alleges the government allowed 303 days to elapse between sentencing and action and requests relief pursuant to *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). The government is accountable for each of the 303 days that elapsed between announcement of sentence and the convening authority's action. *United States v. Banks*, 75 M.J. 746, 751 (Army Ct. Crim. App. 2016). The facts and circumstances in this case do not justify the lengthy and unexplained delay between submission of clemency matters and action.

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of absence without leave [AWOL] in violation of Article 86, UCMJ. The panel convicted appellant of a two-week AWOL as charged. Appellant was also charged with one specification of desertion, with the intent to remain away permanently, terminated by apprehension in violation of Article 85, UCMJ. However, the panel found appellant guilty of the lesser included offense of absence without leave in violation of Article 86, UCMJ.

Appellant was sentenced to confinement for 107 days and a bad-conduct discharge. He was credited with 266 days of confinement credit for both pre-trial confinement and unlawful pre-trial punishment in violation of Article 13, UCMJ.[1] The convening authority approved the adjudged sentence.[2]

---

[1] The military judge awarded appellant 58 days of confinement credit for unlawful pre-trial punishment in violation of Article 13, UCMJ, for: (1) the command's failure to ensure appellant was in a proper military uniform and in compliance with Army appearance and grooming standards for his pre-trial confinement hearing, Article 32 preliminary hearing, and a meeting with his defense counsel; (2) appellant's confinement in an area of a Montgomery County jail in which he was confined to his cell for more than twenty-three hours per day; (3) lack of command health and welfare visits to appellant at the Montgomery County jail for a period in excess of two weeks; (4) publication of appellant's mug shots on two separate websites by Montgomery County law enforcement in blatant violation of Army regulation (there was testimony that representatives of Fort Campbell are aware of this practice and had not sufficiently addressed it with Montgomery County Sheriff's Office at the time of appellant's court-martial in December 2018); and (5) the command's failure to ensure appellant received the pay to which he was entitled for the entire 208-day period of his pre-trial confinement.

[2] The convening authority's action and the promulgating order in this case do not reflect the 266 days of confinement credit against the adjudged sentence, as required. Any awarded but not yet applied credit shall be applied to appellant's approved sentence to confinement.

After completion of appellant's trial, the government took 208 days to transcribe and authenticate the record, and sign the Staff Judge Advocate Recommendation (SJAR). Most concerning for the court is the 88 days that elapsed between the military judge's authentication of the record and the completion of a templated one-page SJAR with no explanation for such a lengthy delay. It then took the government an astonishing 65 days to serve appellant with the record of trial and the SJAR and an inexplicable 34 days after action by the convening authority to transmit the record of trial to this court.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant also requests that this court except the language "and with the intent to remain away permanently therefrom" from the Specification of Charge II pursuant to the panel findings of guilt to the lesser included offense of absence without leave as opposed to the charged offense of desertion.[3] We agree with appellant as discussed herein and provide relief in our decretal paragraph.

## LAW AND DISCUSSION

### *A. Excessive Post-trial Delay*

This court has two distinct responsibilities in addressing post-trial delay. *See United States v. Simon*, 64 M.J. 205 (C.A.A.F. 2006). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *See* U.S. CONST. amend V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003). Second, the court may grant an appellant relief for excessive post-trial delay under our broad authority to determine sentence appropriateness under Article 66(c), UCMJ. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002).

We review de novo appellant's claim that he has been denied his due process right to a speedy post-trial review. *Moreno*, 63 M.J. at 135. A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *Id.* at 142. When a presumption of unreasonable post-trial delay exists, our superior court employs the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), for determining whether a due process violation has occurred: (1) the length of the delay; (2) the

---

[3] Additionally, we have given full and fair consideration to the other matters personally raised by appellant pursuant to *Grostefon* and find them to be without merit.

reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Id.*

In assessing the fourth factor of prejudice, we consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138–39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

The first factor weighs in favor of appellant as 303 days is presumptively unreasonable. The processing in this segment of the case is "completely within the control of the Government," *Moreno*, 63 M.J. at 136, and no exceptional circumstances were offered to explain this delay. The SJA completed a memorandum acknowledging the post-trial processing time in this case was presumptively unreasonable in that it exceeded the 120-day guideline outlined in *Moreno* by 183 days. However, the SJA's memorandum was meaningless as it was nothing more than a recitation of the post-trial processing timeline. It provided no explanation for the derelict post-trial processing of this case between authentication of the record and completion of SJAR, and between completion of the SJAR and service on the appellant. Thus, the record is completely devoid of any explanation for those two lengthy periods of time totaling 153 days. Therefore, the second factor also weighs in favor of appellant.[4] The third factor weighs in favor of the government as appellant did not assert any objection to the post-trial processing of his court-martial until his submission before this court. Regarding the fourth factor, appellant has not alleged or demonstrated any particularized prejudice in his appeal under any of the *Moreno* prejudice sub-factors. As such, the fourth factor weighs in favor of the government. In balancing all four factors, we do not find that appellant was denied his due process right to a speedy post-trial review.

A finding of unreasonable post-trial delay but no prejudice, however, does not end this court's analysis. Article 66(d)(1), UCMJ, imposes an obligation on this court to assess the appropriateness of appellant's sentence in light of presumptively unreasonable and unexplained delay in the post-trial processing of his case. *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Tardif*, 57 M.J. at 224; *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010).

---

[4] We note that the government concedes that the first two factors weigh in appellant's favor. (Appellee Br. 4).

4

The post-trial processing in this case is anything but the example of diligence and efficiency expected of the military, particularly for a case in which the court-reporter transcribed the 1,079-page record of trial in 65 days but it took the government another 238 days to complete action. This is not the first case in which this court has had to address dilatory post-trial processing by the Fort Campbell Office of the Staff Judge Advocate. We have granted relief in the form of confinement credit for excessive post-trial delay in three other cases from this jurisdiction in the past eight months: *United States v. Kizzee*, ARMY 20180241, 2019 CCA LEXIS 508 (Army Ct. Crim. App. 12 Dec. 2019) (summ. disp.), *United States v. Ponder*, ARMY 20180515, 2020 CCA LEXIS 38 (Army Ct. Crim. App. 10 Feb. 2020) (summ. disp.) and *United States v. Notter*, ARMY 20180503, 2020 CCA LEXIS 150 (Army Ct. Crim. App. 4 May 2020) (mem. op.). Ensuring accurate and timely post-trial processing is the responsibility of all military justice practitioners. *United States v. Mack*, ARMY 20120247, 2013 CCA LEXIS 1016, at *5–7 (Army Ct. Crim. App. 9 Dec. 2013) (summ. disp.) (Pede, C.J., concurring). "All practitioners, especially staff judge advocates, must ensure that the rights of the accused are not compromised, and that the interests of the government are protected." *Id.* at *7. As we have noted in other excessive post-trial delay cases, "[i]ncidents of poor administration reflect adversely on the United States Army and the military justice system." *United States v. Carroll,* 40 M.J. 554, 557 n.8 (A.C.M.R. 1994).

Having considered the entire record, the government's failure to satisfy its obligation to provide adequate reasons for excessive post-trial delay, and the particular facts and circumstances of this case, we find a reduction in appellant's sentence to confinement would be appropriate. However, appellant was sentenced to 107 days of confinement and a bad-conduct discharge. He was credited with a total of 266 days of credit for pre-trial confinement and unlawful pre-trial punishment. Given that appellant's confinement credit exceeds his sentence, any reduction in confinement would be meaningless. The only other relief we could provide would be to disapprove appellant's bad-conduct discharge. However, we do not believe it would be appropriate to disapprove appellant's punitive discharge.[5]

---

[5] Inexcusable post-trial delay like that found in appellant's case, delay that has become all too commonplace at Fort Campbell, Kentucky, has resulted in this court granting meaningful relief usually in the form of disapproval of a portion of the approved sentence. For the reasons noted in the body of the opinion, any adjustment to appellant's approved confinement results in no meaningful relief, leaving disapproval of his discharge as the only meaningful relief available. Punitive discharges, however, are qualitatively different from other components of a court-martial sentence, such as confinement. *See United States v. Zarbatany,* 70 M.J 169, 175 (C.A.A.F. 2011) (internal citations omitted). Further, and more importantly, we find appellant's discharge to be appropriate when considering the timing, duration,

(continued . . .)

### B. *Desertion Language in Absence Without Leave Conviction*

Appellant was charged with one specification of desertion, with the intent to remain away permanently, terminated by apprehension in violation of Article 85, UCMJ as follows:

> In that PVT Joseph L. Feeney-Clark, U.S. Army, did, on or about 26 February 2018, without authority and with the intent to remain away therefrom permanently, absent himself from his unit, to wit: B Battery, 1-320th Field Artillery Regiment, 101st Airborne Division Artillery, located at Fort Campbell, Kentucky, and did remain so absent in desertion until he was apprehended on or about 27 May 2018.

The panel found appellant not guilty of the offense of desertion, as charged, but guilty of the lesser included offense of absence without leave in violation of Article 86, UCMJ. In doing so, the panel excepted the language "in desertion" and "he was apprehended" from the Specification of Charge II. However, the panel did not except the language "with the intent to remain away therefrom permanently" which it should have done in order to properly conform the specification to its finding of guilt of an AWOL offense. Appellant requests that this court except the language "with the intent to remain away therefrom permanently" in order to properly conform the specification to an AWOL offense. We agree with appellant that the panel should have excepted the language regarding the intent to remain away permanently.

## CONCLUSION

The Specification of Charge II is amended as follows:

> In that PVT Joseph L. Feeney-Clark, U.S. Army, did, on or about 26 February 2018, without authority, absent himself from his unit, to wit: B Battery, 1-320th Field Artillery Regiment, 101st Airborne Division Artillery, located at Fort Campbell, Kentucky, and did remain so absent until on or about 27 May 2018.

---

(. . . continued)
and circumstances surrounding appellant's two unauthorized absences. To disapprove appellant's discharge under the facts and circumstances of his case would be nothing more than an act of clemency by this court, something beyond our Article 66, UCMJ authority. *See generally United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010); *United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016).

The Specification of Charge II as amended is AFFIRMED. The remaining findings of guilty are AFFIRMED. The sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court